695 So.2d 787 (1997)
Armad JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1827.
District Court of Appeal of Florida, First District.
May 2, 1997.
Nancy A. Daniels, Public Defender; Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Convicted following a jury trial of two counts of sexual battery with a firearm, and one count each of armed robbery with a firearm, robbery and resisting an officer without violence, appellant challenges the two convictions for sexual battery with a firearm and the upward departure sentences imposed for those two convictions and the armed robbery conviction. Because the trial *788 court failed to give a requested jury instruction on the necessarily lesser-included offense of sexual battery, we are constrained to reverse the two convictions for sexual battery with a firearm, and to remand those charges for a new trial. We affirm the departure sentence imposed for armed robbery.
Appellant was charged with numerous offenses, including two counts of having committed a sexual battery upon a person older than 12, using or threatening to use a firearm in the process, in violation of section 794.011(3), Florida Statutes (1995). Such an offense is a life felony. Id. At trial, during the charge conference, defense counsel requested that the trial judge instruct the jury on the second-degree felony of sexual battery upon a person older than 12, without force or violence likely to cause serious personal injury. § 794.011(5), Fla.Stat. (1995). Defense counsel argued that the offense proscribed by section 794.011(5) is a necessarily lesser-included offense of that with which appellant was charged, entitling appellant to the benefit of such an instruction. The prosecutor argued that the offense proscribed by section 794.011(5) was a category 2 (as opposed to a category 1) lesser-included offense of those with which appellant was charged and, because there was no evidence to support a finding that appellant had not been armed with a firearm during the commission of the offenses, he was not entitled to such an instruction. The trial judge accepted the prosecutor's representations, and denied the requested instruction. Instead, he instructed the jury regarding only sexual battery while armed with a firearm and the lesser-included offense of simple battery, a first-degree misdemeanor. § 784.03, Fla.Stat. (1995). This was error.
Some eight months prior to appellant's trial, the supreme court had amended the Florida Standard Jury Instructions in Criminal Cases to reflect that the offense proscribed by section 794.011(5) is a category 1 lesser-included offense of that proscribed by section 794.011(3). Standard Jury Instructions in Criminal Cases (95-1), 657 So.2d 1152 (Fla.1995). Failure to give a requested instruction on a lesser-included offense only one step removed from that charged (i.e., a category 1 lesser-included offense) is per se reversible errorthat is, it is error not subject to a harmless error analysis. State v. Abreau, 363 So.2d 1063 (Fla.1978). The only real argument made by the state on this issue is that appellant failed to preserve the issue for appellate review because counsel's request was not sufficiently specific to apprise the trial judge of its legal basis. We disagree.
A trial court must instruct on necessarily lesser-included offenses when a request is made that it do so. State v. Wimberly, 498 So.2d 929 (Fla.1986). However, failure to instruct on necessarily lesser-included offenses (even category 1 lesser-included offenses) in a non-capital case is not fundamental error. To preserve such an error for appellate review, the defendant must request such an instruction and object to the trial court's refusal to give one. E.g., McKinney v. State, 579 So.2d 80 (Fla.1991). We have carefully read the relevant portions of the record. Having done so, we are satisfied that defense counsel's request and subsequent objection to the refusal to give the instruction were sufficiently specific to apprise the trial judge of its legal basis, and to preserve the issue for appeal. See, e.g., Holland v. State, 634 So.2d 813 (Fla. 1st DCA 1994); Rigdon v. State, 621 So.2d 475 (Fla. 4th DCA 1993). Because the prosecutor led the trial judge to commit error by refusing appellant's requested instruction, we must reverse the two convictions for sexual battery with a firearm, and remand those charges for a new trial.
After having heard the testimony of the victim, the trial court imposed an upward departure sentence for the armed robbery conviction. It based that sentence upon its finding that "[appellant's] acts caused the victim to suffer extraordinary physical and emotional trauma." Appellant now argues that the record does not contain sufficient evidence to support that finding. We disagree.
The trial court's justification for the upward departure sentence is a legally sufficient one, provided that the facts supporting it were established by a preponderance of *789 the evidence. §§ 921.001(7), 921.0016(3)(l), Fla.Stat. (1995). Having carefully reviewed the record, we are satisfied that the trial court could reasonably have reached the conclusion it did from the evidence presented. See generally State v. Rousseau, 509 So.2d 281 (Fla.1987) (emotional or psychological trauma to victim is valid reason for departure when either the trauma is excessive or extraordinary or the victim exhibits a discernible physical manifestation of the trauma). Because we cannot say that the departure sentence for the armed robbery constituted an abuse of discretion, we affirm it. State v. Chandler, 668 So.2d 1087 (Fla. 1st DCA 1996).
In summary, we reverse the two convictions for sexual battery with a firearm, and remand those charges for a new trial; and we affirm the upward departure sentence for the armed robbery conviction.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN and MICKLE, JJ., concur.