PER CURIAM.
 

 Appellant, Eddie Lee Riles, challenges his convictions for robbery and battery on a person 65 years of age or older on several grounds. Because we agree that the trial court abused its discretion in denying Appellant’s request for a special jury instruction, we reverse Appellant’s robbery conviction. We affirm all other issues without further discussion.
 

 Prior to the trial, Appellant filed “Defendant’s Request for Jury Instruction on ‘Afterthought.’ ” The requested instruction read:
 

 One of the elements of the offense of robbery which must be proved beyond and to the exclusion of a reasonable doubt is that the accused used force in the taking of the property of another. If the evidence shows that any force used by the defendant was done with the primary motive of committing some other offense and that the motive for the use of force was for a reason not associated with the taking of property, then the offense of robbery has not been proved and you must find the defendant not guilty of that charge.
 

 During the charge conference, Appellant renewed his request for the afterthought instruction, which was denied.
 

 Appellant correctly argues that the standard jury instruction for robbery does not sufficiently explain the afterthought defense.
 
 Davis v. State,
 
 922 So.2d 438, 444 (Fla. 5th DCA 2006). Moreover, Appellant testified to a version of events, which, if believed by a jury, would have amounted to a theft. Because there was some evidence in the record to support his defense, Appellant was entitled to the requested instruction.
 
 Id.
 
 The denial of the requested instruction did not have any effect on Appellant’s battery conviction. Therefore, Appellant’s conviction for battery on a person 65 years of age or older is AFFIRMED, Appellant’s conviction for robbery is REVERSED, and this case is REMANDED for a new trial.
 

 DAVIS, CLARK, and WETHERELL, JJ., concur.