SILBERMAN, Chief Judge.
Emanuel DeJesus seeks review of his judgment and sentence for robbery, battery, and assault. DeJesus argues that the trial court abused its discretion in denying his request for a special jury instruction on taking property as an afterthought. We agree and reverse.
DeJesus stood trial on charges of robbery with a firearm, aggravated battery with a firearm, and aggravated assault with a firearm. The charges arose from an incident that occurred at the apartment of Vanessa Bracho, a woman who had been dating both DeJesus and Nerber Iglesia, the victim. DeJesus had lent Vanessa his cell phone, but she had refused to return it and would not accept Dejesus’s calls. On the day of the incident, the victim was visiting Vanessa at her apartment. DeJe-sus texted Vanessa from the cell phone of his friend Pablo Muniz and asked her to return his phone. Vanessa called Muniz’s cell phone and spoke with Muniz. According to the victim, Vanessa was trying to provoke a fight between the victim and DeJesus. The victim decided to leave because he did not want to be involved. But DeJesus testified that an angry male, presumably the victim, called Muniz’s phone and threatened to beat up DeJesus if he showed up at Vanessa’s apartment.
DeJesus, Muniz, and a third man arrived at Vanessa’s apartment shortly thereafter. According to the victim, the men were wielding firearms and pistol-whipped him, knocked him to the ground, and kicked him. While the victim was curled up in a fetal position pretending to be unconscious, the men talked about killing him. Vanessa interrupted and convinced the men to rob the victim instead. The men took the victim’s cell phone, wallet, Bluetooth earpiece, and car keys. Then they resumed kicking and hitting him, and Vanessa joined in the attack. The men finally left, and Vanessa left with them. On the way out of the apartment *107 complex, they stole some papers from the victim’s car.
Although DeJesus did not testify at trial, the State admitted his prior testimony in which he admitted to hitting the victim but claimed he did so in self-defense. According to DeJesus, when he arrived at the apartment the victim was battering Vanessa. DeJesus, who was a former champion amateur boxer, intervened, and the victim swung at him. DeJesus ducked and hit the victim. Vanessa walked past the two to retrieve Dejesus’s cell phone from her bedroom, and the victim turned on Muniz. After the victim swung at Muniz, Muniz punched the victim, knocking the victim to the floor. According to DeJesus, it was Vanessa who went though the seemingly unconscious victim’s pockets on her own initiative.
At trial, DeJesus requested the following special jury instruction on afterthought: “If the evidence shows that the taking of property occurred as an afterthought to the use of force or violence against the victim, the taking does not constitute robbery, but may still constitute theft.” The trial court refused to give the instruction, and it is this ruling that is the subject of Dejesus’s appeal.
To establish entitlement to a special jury instruction, the defendant must prove the following three factors: (1) the special instruction correctly states the law and is not confusing or misleading, (2) the standard instruction is not adequate to explain the theory of defense, and (8) there is evidence supporting the special jury instruction. Wheeler v. State, 4 So.3d 599, 605 (Fla.2009). In denying Dejesus’s request for the special instruction on taking property as an afterthought, the trial court determined that he had not proven these three factors. We disagree.
As to the first factor, the special instruction correctly states the law and is not confusing or misleading.
One of the differences between a robbery and a theft is that in a robbery, “in the course of the taking there is the use of force, violence, assault, or putting in fear.” If the force or violence is motivated by a reason other than to rob the victim, then the taking of the property would not constitute a robbery.
Perkins v. State, 814 So.2d 1177,1178 (Fla. 4th DCA 2002) (citation omitted); see also Mahn v. State, 714 So.2d 391, 397 (Fla. 1998) (holding that the State failed to prove a robbery because the evidence established that, after the violence, the defendant took the victim’s belongings “to effect his escape from the scene”). Word for word, the proposed jury instruction in this case is almost identical to an afterthought instruction approved by the Fifth District. See Davis v. State, 922 So.2d 438, 443 (Fla. 5th DCA 2006) (“If the evidence shows that the taking of property occurred as an afterthought to the use of force or violence which resulted in the death of the victim, the taking does not constitute robbery, but may still constitute theft.”).
As to the second factor, the trial court read the following standard robbery instruction in this case:
I will define robbery for you. Count one, to prove the crime of robbery, the State must prove the following four elements beyond a reasonable doubt. One, Emanuel took property from the person or custody of Nerber Iglesia. Two, force, violence, assault or putting in fear was used in the courses [sic] of taking. Three, the property taken was of some value. Four, the taking was with the intent to permanently or temporarily deprive Nerber Iglesia of his right to the property or any benefit from it.
*108 In the course of the taking means that the act occurred prior to, contemporaneously with, or subsequent to the taking of the property and that the act and the taking of the property constitute continuous series of acts or events.
Both the Fifth and Fourth Districts have determined that the standard robbery instruction is not adequate to explain taking property as an afterthought. See Davis, 922 So.2d at 444; Perkins, 814 So.2d at 1179. We agree. As the Fourth District has explained, the standard instruction erroneously allows the jury to “assume that so long as the force and the taking constituted a ‘continuous series of acts or events’ the motive for the force would be irrelevant.” Perkins, 814 So.2d at 1179.
As to the third factor, there is evidence supporting the special jury instruction. Specifically, the victim testified that Vanessa was trying to provoke the victim and DeJesus into fighting and the idea of robbing the victim was not discussed until after he was attacked. And in Dejesus’s version of events, he attacked the victim in self-defense. The evidence from these witnesses supported the request for a special jury instruction on taking property as an afterthought. Cf. Concepcion v. State, 938 So.2d 559, 562 (Fla. 5th DCA 2006) (holding that the trial court erred in refusing to give an afterthought instruction because there was evidence the defendant attacked the victim in the course of a domestic dispute even though he also drove off with her car and money); Perkins, 814 So.2d at 1178-79 (holding that the trial court erred in refusing to give an afterthought instruction based on the defendant’s testimony that he stabbed the victim in self-defense even though the defendant also left the scene with some of the victim’s belongings).
Because DeJesus proved the three factors necessary to establish entitlement to a special jury instruction on taking property as an afterthought, the trial court erred in refusing to give the instruction. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
CASANUEVA and MORRIS, JJ., Concur.