NORTHCUTT, Judge.
Michael Fernandez appeals the summary denial of his motion for postconvic *447 tion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. His motion raised six grounds for relief. We reverse and remand for further proceedings on grounds one and two, and we affirm without comment the remaining four grounds.
On April 2, 2009, pursuant to negotiations with the State, Fernandez pleaded guilty to one count of felony battery in case number 08-CF-11276 and to one count of robbery in case number 09-CF-772. The trial court imposed concurrent sentences of ten years’ imprisonment as a habitual felony offender on both counts. Fernandez then filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(7), which the trial court denied after an evidentiary hearing. Fernandez appealed, and this court per curiam affirmed. Fernandez v. State, 63 So.3d 762 (Fla. 2d DCA 2011) (table decision). Thereafter, Fernandez timely filed the instant motion for relief under rule 3.850.
Grounds one and two of Fernandez’s rule 3.850 motion were related to the second-degree robbery charge in case number 09-CF-772. See § 812.13(1), (2)(c), Fla. Stat. (2009). The police affidavit and witness statement supporting the robbery charge in the information reflect that Fernandez confronted the victim as she was walking along a road. Fernandez was upset because the victim had previously reported him and his girlfriend to the police in an unrelated incident, and he asked the victim why she had done so. He became angry and punched the victim’s right side. Frightened, the victim stepped back and reached into her pocket for a pocketknife with which to defend herself. As she took the knife from her pocket, she also accidentally removed two twenty-dollar bills. Without using any additional force, Fernandez grabbed the money from the victim’s hand and fled.
In his rule 3.850 motion, Fernandez asserted that the facts contained in the police report and the victim’s statement would have supported an “afterthought” defense to the robbery charge. Robbery is the taking of property “from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money ..., when in the course of the taking there is the use of force, violence, assault, or putting in fear.” § 812.13(1). But the afterthought defense provides that “ ‘[i]f the force or violence is motivated by a reason other than to rob the victim, then the taking of the property would not constitute a robbery.’ ” DeJesus v. State, 98 So.3d 105, 107 (Fla. 2d DCA 2012) (quoting Perkins v. State, 814 So.2d 1177, 1178 (Fla. 4th DCA 2002)). Fernandez argued that the allegations supported an afterthought defense because the motive for his use of force — anger at the victim for calling the police — was unrelated to his taking of the victim’s money. He maintained that he could not have known the victim was carrying the two twenty-dollar bills when he used “force, violence, assault, or putting in fear” because the victim pulled the money out of her pocket after he allegedly punched her.
Fernandez alleged that his counsel performed deficiently by failing to investigate this potential defense to the robbery charge in case number 09-CF-772 and by failing to advise him of the defense before he pleaded guilty. See Gee v. State, 41 So.3d 1035, 1036 (Fla. 2d DCA 2010) (“ ‘A trial attorney’s failure to investigate a factual defense ..., which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction.’ ” (quoting Williams v. State, 717 So.2d 1066, 1066 (Fla. 2d DCA 1998))). He also claimed that he would have rejected the State’s *448 offer and proceeded to trial if his counsel had advised him of the afterthought defense, as he would have been entitled to a special jury instruction on the defense. See DeJesus, 98 So.3d at 108 (explaining that the standard jury instruction for robbery “erroneously allows the jury to ‘assume that so long as the force and the taking constituted a continuous series of acts or events the motive for the force would be irrelevant’ ” (quoting Perkins, 814 So.2d at 1179)); see also Munroe v. State, 28 So.3d 973, 976 (Fla. 2d DCA 2010) (holding that an evidentiary hearing was required to determine whether counsel performed deficiently in failing to advise the defendant of a potentially viable defense, noting that the defendant’s “claim of prejudice — that he would have proceeded to trial — is credible if he can demonstrate that the defense was viable”).
Fernandez’s claims in grounds one and two were facially sufficient and were not conclusively refuted by the transcript of Fernandez’s plea colloquy, attached by the postconviction court to its order. During the colloquy, Fernandez stated that he was satisfied with the sendees of his attorney and that he did not need counsel to file any motions or talk to any -witnesses. Based solely on this exchange, the postconviction court found that Fernandez was not entitled to withdraw his plea. This was error. Fernandez’s answers to those general questions did not conclusively refute his later claim that he was unaware of the possibility of asserting the afterthought defense when he pleaded guilty. See Hayes v. State, 120 So.3d 640, 641 (Fla. 2d DCA 2013) (holding that “acknowledge-ments and answers of [a] general nature did not conclusively refute [the defendant’s] allegation of ineffective assistance based on his counsel’s failure to pursue a specific defense”). The trial court neither asked specifically whether Fernandez’s attorney had discussed the afterthought defense with him nor asked generally whether counsel had discussed possible defenses with him.
Accordingly, we reverse the postconviction court’s summary denial of grounds one and two of Fernandez’s motion for postconviction relief. On remand, the postconviction court either shall attach additional portions of the trial record that conclusively refute these two claims or shall hold an evidentiary hearing on them.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and LaROSE, JJ., Concur.