BENTON, J.
On direct appeal, Robert Burns contends his convictions for carjacking, in violation of section 812.133(2)(b), Florida Statutes (2011), and attempted voluntary manslaughter, in violation of sections 782.07(1) and 777.04, Florida Statutes (2011), should be reversed on grounds jury instructions, which were not objected to below, were erroneous.[1] Persuaded the erroneous instructions did not mislead the jury on anything genuinely in issue, we affirm.
The jury heard evidence that Gary Canada and the appellant collected scrap metal on the day in question, and sold it at a recycling center, before arriving at Mr. Canada’s home. There Mr. Canada locked his truck, he testified, then placed the keys to the truck on a computer desk, once they were both inside. He told the jury he *92 refused, when appellant asked to use his computer, and both men went back outside. Mr. Canada testified he then went into his “shop” some distance from the residence, not knowing what appellant did at that point, but came back from the shop when he heard the truck make a chirping sound, as if someone had locked or unlocked it electronically. He discovered that the back door of his house was open, that a briefcase had been removed from his truck, that -its contents had been dumped on the ground, and that, all according to his uncontroverted testimony, over $1,700 was missing..
Mr. Canada further testified: Once inside the home, he noticed his keys were not on the computer desk, and turned to go outside, when he saw appellant standing between him and the door. He threatened to call the police if the appellant did not surrender the keys, whereupon, saying, “I’m going to kill you,” the appellant attacked him. In the ensuing struggle Mr. Canada deployed a Taser and Mr, Burns fled, at which point Mr. Canada called 911. A law enforcement officer dispatched as a result saw Mr. Burns driving Mr. Canada’s truck, and apprehended him after he crashed the vehicle.
Mr. Burns was charged with, and found guilty at trial of, among other things,[2] carjacking in violation of section 812.133, Florida Statutes (2011), which provides, in part:
(1) “Carjacking” means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
[[Image here]]
*93 (8)(b) An act shall be deemed “in the course of the taking” if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.
In moving for judgment of acquittal on the charge of carjacking, defense counsel argued that the truck “was, if anything, taken after the fact as an escape.” But this argument was not made to the jury, which was instructed:
[T]o prove the crime of carjacking, the State must prove the following three elements beyond a reasonable doubt. No. 1, Robert Burns took a motor vehicle from the person or custody of Gary Canada. Two, force, violence, assault, or putting in fear was used in the course of the taking. Three, the taking was with the intent to-excuse me. The taking was with the intent to temporarily or permanently deprive Gary Canada of his right to a motor vehicle or any benefit from it, or to appropriate a motor vehicle of Gary Canada to his own use or to the use of any person not entitled to it.
“In the course of the taking” means that the act occurred before, during, or after the taking of the motor vehicle, and that the act and the taking of the motor vehicle constitute a continuous series of acts or events.
Despite trial counsel’s failure to object,[3] Mr. Burns argues he is entitled to a new *94 trial because the trial court failed to instruct the jury that taking Mr. Canada’s vehicle would not be carjacking if taking the truck was an afterthought, unrelated to the force used in perpetrating the attempted manslaughter.
When moving for judgment of acquittal in the trial court, defense counsel argued to the trial judge that taking the truck was not proven to be the motive for the use of force. Inexplicably, however, defense counsel neither argued to the jury another motive for the use of force nor requested any jury instruction requiring the jury, in order to convict on the carjacking count, to find appellant’s use of force was motivated, at least in part, by a desire for possession of the truck. Defense counsel’s argument with regard to the carjacking charge instead was:
As to the carjacking charge — and the Judge will instruct you on the law. But the important thing is it is the taking of a vehicle by force. And when you look at those instructions, and you read those instructions — they are read to you, pay close attention to them. It doesn’t say taking someone’s keys by — you know, and then taking their vehicle. It says, taking a vehicle by force.
The picture that comes to mind is someone pulling somebody over the road, pulling them out of their car, and stealing their car. Or stealing their car in a parking lot, yanking them out, using force, stealing their car. That’s common sense. The State says, don’t leave your common use. Use your common sense. What does your common sense tell you if that’s a carjacking or not?
In rebuttal to defense counsel’s closing argument, the prosecutor argued:
*95 Now, the carjacking, Mr. Eagen says he didn’t yank Mr. Canada out of the truck. But Mr. Canada was in his house. That would be impossible. Mr. Canada is not driving down the street getting yanked out of the truck. That’s not this case.
Mr. Burns is charged with taking a motor vehicle from a person or custody of Mr. Canada. This is not a push-start vehicle. You have to have keys. He takes the truck by taking the keys. By force, violence, assault, or putting in fear.
As a factual matter, the testimony was that the appellant had already taken the keys and had them in his possession when the affray began.
But issue was joined, not on whether force was employed to acquire or retain the truck keys, but on whether employing force to effect possession of the truck keys before driving off amounted to carjacking. Defense counsel’s argument implied that the real issue for the jury was whether taking vehicle keys by force constituted taking the truck by use of force. As a matter of law, it clearly does. See Young v. State, 141 So.3d 161, 173 (Fla.2013) (“We find that the putting in fear of the victim in order to take the victim’s keys before walking outside and driving away in the victim’s car constitutes a continuous series of events, [so] as to classify the fear as being within the course of taking the vehicle, within the meaning of section 812.133(3)(b).”); Baptiste-Jean v. State, 979 So.2d 1091, 1092 (Fla. 3d DCA 2008) (affirming conviction of carjacking when the defendant forcibly took the keys to the car because “while the violence involved in taking the keys may have indeed occurred ‘prior to’ stealing the car, it took place within a logically interrelated ‘continuous series of acts or events,’ and thus ‘in the course of the taking’ of the vehicle itself’ (citation omitted)); Law v. State, 824 So.2d 1055, 1056 (Fla. 5th DCA 2002) (affirming conviction of armed carjacking when the defendant ordered the victim inside the house at gunpoint, took the victim’s car keys while inside the house, then fled with the victim’s vehicle); James v. State, 745 So.2d 1141, 1142-43 (Fla. 1st DCA 1999) (affirming conviction of carjacking where the defendant took the car keys from the owner by force, violence, assault or putting the owner in fear, even though the defendant was unable to start the vehicle and ultimately threw the car keys back at the vehicle owner).
Where obtaining property is not a motive for using force, taking property after a (murder or other) use of force does not transform mere theft into robbery or carjacking. See Beasley v. State, 774 So.2d 649, 662 (Fla.2000) (“[I]n those cases where the record discloses that, in committing the murder, the defendant was apparently motivated by some reason other than a desire to obtain the stolen valuable, a conviction for robbery (or the robbery ag-gravator) will not be upheld.”); Davis v. State, 922 So.2d 438, 443-44 (Fla. 5th DCA 2006) (holding the trial court abused its discretion by denying request that the jury be instructed that “[i]f the evidence shows that the taking of property occurred as an afterthought to the use of force or violence which resulted in the death of the victim, the taking does not constitute robbery, but may still constitute theft”); Perkins v. State, 814 So.2d 1177, 1178 (Fla. 4th DCA 2002) (“If the force or violence is motivated by a reason other than to rob the victim, then the taking of the property would not constitute a robbery.”).
Carjacking is a species of robbery, see Cruller v. State, 808 So.2d 201, 204 (Fla.2002) (“The language of the carjacking statute mirrors the language of the robbery statute with one exception — car *96 jacking pertains only to motor vehicles whereas robbery pertains to all property. The carjacking statute is a very specific subset of the more general robbery statute.”), and the same rule applies. See Mahn v. State, 714 So.2d 391, 397 (Fla.1998) (concluding robbery was not proven beyond a reasonable doubt when evidence established the homicides did not occur because the defendant wanted to take a car but instead that he wanted the car to flee the scene of the murders).
Along with the Second, Fourth and Fifth District Courts of Appeal, we had ruled — before appellant stood trial in the present case — that the standard jury instructions were inadequate to explain that taking property as an afterthought, after force was employed solely for another purpose, did not amount to robbery or carjacking. See DeJesus v. State, 98 So.3d 105, 108 (Fla. 2d DCA 2012); Riles v. State, 33 So.3d 808, 808 (Fla. 1st DCA 2010); Davis, 922 So.2d at 444; Perkins, 814 So.2d at 1179. The then[4] standard jury instruction for carjacking, utilized in those cases and the present case alike, “erroneously allow[ed] the jury to ‘assume that so long as the force and the taking constituted a “continuous series of acts or events” the motive for the force would be irrelevant.’” DeJesus, 98 So.3d at 108 (quoting Perkins, 814 So.2d at 1179). The carjacking jury instruction given in the present case is substantively indistinguishable from the instructions ruled in DeJesus, Davis, and Perkins to be inadequate to explain the difference between taking a car by force and taking a car as an afterthought after a use of force for another purpose.
 Whether an error in jury instructions is fundamental and so calls for reversal even in the absence of an objection in the trial court is a question of law. “This Court reviews the issue of unpreserved fundamental error under the de novo standard.” Elliot v. State, 49 So.3d 269, 270 (Fla. 1st DCA 2010). “[Wjhere the trial court fails to correctly instruct on an element of the crime over which there is dispute, and that element is both pertinent and material to what the jury must consider in order to decide if the defendant is guilty of the crime charged or any of its lesser included offenses, fundamental error occurs.” Daniels v. State, 121 So.3d 409, 418 (Fla.2013). See also Bolin v. State, 8 So.3d 428, 431 (Fla. 2d DCA 2009) (“Fundamental error occurs when a jury instruction contains an incorrect definition of a disputed element of a crime.”); Allen v. State, 939 So.2d 273, 276 (Fla. 4th DCA 2006) (“Florida courts have found fundamental error where the trial court incorrectly instructed the jury on an element of a crime or a defense that was in dispute.”).
Defense counsel might have argued for acquittal on the carjacking count on grounds that appellant’s stated intention to kill Mr. Canada and his decision to attack him, instead of simply driving off in the truck he had already, earlier used the keys to enter, showed that force was used *97 for other purposes, not to obtain the truck. In arguing to the jury only that taking the vehicle key was not taking the vehicle, however, defense counsel did not put an “afterthought theory” at issue.[5]
We cannot say on this record that the erroneous instruction constituted fundamental error, because it is not clear that the “afterthought issue” was ever put to, or considered by, the jury. See Reed v. State, 837 So.2d 366, 369 (Fla.2002) (“[T]he failure to use the correct definition is fundamental error in cases in which the essential element of malice was disputed at trial.... We expressly recognized a distinction regarding fundamental error between a disputed element of a crime and an element of a crime about which there is no dispute in the case.”); Fussell v. State, 154 So.3d 1233, 1235 (Fla. 1st DCA 2015) (“An erroneous jury instruction cannot be fundamental unless it pertains to a matter genuinely at issue in the case.”); Taylor v. State, 114 So.3d 355, 355 (Fla. 4th DCA 2013) (rejecting claim of fundamental error for failure to give an afterthought instruction with regard to robbery because the defense at trial was one of misidentification).
Affirmed.
WETHERELL and MARSTILLER, JJ., concur.

. Appellant’s simultaneous convictions for felony fleeing or attempting to elude an officer, in violation of section 316.1935(2), Florida Statutes (2011), and for resisting an officer with violence, in violation of section 843.01, Florida Statutes (2011), stand unchallenged.

. In affirming his conviction for attempted manslaughter, we reject appellant’s argument that the trial court erred in failing to instruct the jury on simple battery, a permissive lesser-included offense one step removed. During the charge conference, when the prosecutor asked if defense counsel requested "any Category 2 lessers," defense counsel responded in the negative. See Johnson v. State, 695 So.2d 787, 788 (Fla. 1st DCA 1997) ("A trial court must instruct on necessarily lesser-included offenses when a request is made that it do so. However, failure to instruct on necessarily lesser-included offenses (even category i lesser-included offenses) in a non-capital case is not fundamental error. To preserve such an error for appellate review, the defendant must request such an instruction and object to the trial court’s refusal to give one.” (citation omitted)). See also Gomez v. State, 5 So.3d 700, 701-02 (Fla. 5th DCA 2009) (rejecting argument of defendant charged with attempted first-degree murder with a firearm that the trial court committed fundamental error by failing to instruct the jury on the necessarily lesser-included offense of attempt-. ed first-degree murder without a firearm because "[wjhen there is no timely request made by the defendant, a trial court’s failure to instruct on a necessarily-lesser included offense in a non-capital case does not constitute fundamental error”); Thompson v. State, 969 So.2d 1223, 1224 (Fla. 1st DCA 2007) (holding the trial court’s failure to instruct on a lesser-included offense was not preserved for review when the defendant did not request such an instruction and did not object to the instructions as given); Wilson v. State, 786 So.2d 632, 633 (Fla. 4th DCA 2001) (holding that when defendant charged with robbery with a weapon requested that instruction on misdemeanor batteiy be included as a lesser-included offense but failed to object to the instructions as given, the error was not properly preserved for appeal and "[fjailure to instruct on the lesser-included offense of a non-capital offense does not amount to fundamental error”); Generazio v. State, 727 So.2d 333, 335 (Fla. 4th DCA 1999) ("Battery is the category 1 necessarily lesser included offense of capital sexual batteiy” but " ‘failure to instruct on necessarily lesser-included offenses (even categoiy 1 lesser-included offenses) in a non-capital case is not fundamental error.’ ” (emphasis omitted) (quoting Johnson, 695 So.2d at 788)).

. The record is devoid of any discussion of whether the jury should be instructed regarding taking the truck as an afterthought, after an unrelated use of force. See Daniels v. State, 72 So.3d 227, 229 (Fla. 2d DCA 2011) (concluding defense counsel’s "acquiescence, silence, or argument in favor” of the standard instruction on manslaughter did not constitute waiver or invited error), quashed on other grounds, 121 So.3d 409 (Fla.2013); Paul v. State, 63 So.3d 828, 829 (Fla. 5th DCA 2011) (concluding defense counsel's statements and failure to object to instruction on manslaughter by intentional act did not constitute waiver or invited error and noting that "[a]ny discussion of fundamental error presupposes a failure to lodge a contemporaneous objection, a fact underlying the supreme court's review in [State v. Montgomery, 39 So.3d 252 (Fla.2010) ]"), quashed on other grounds, 137 So.3d 1021 (Fla.2014). To like effect, see Curry v. State, 64 So.3d 152, 155-56 (Fla. 2d DCA 2011) (rejecting contention that Curry waived a fundamental error in the manslaughter by act instruction by agreeing to instruction on manslaughter by act and advising against giving instruction on manslaughter by culpable negligence, when defense counsel requested the jury not be instructed on any lesser-included offenses of second-degree murder); Beckham v. State, 884 So.2d 969, 970-73 (Fla. 1st DCA 2004) (rejecting argument that claim of fundamental error based on failure to instruct the jury on justifiable and excusable homicide as part of the instruction on manslaughter was waived where defense counsel informed the trial court that the prosecution and the defense had reviewed the proposed (incomplete) instructions and agreed to them, because the "record does not show that defense counsel was aware of the incomplete instruction and affirmatively agreed to it”); Ortiz v. State, 682 So.2d 217, 218 (Fla. 5th DCA 1996) (rejecting argument that the defense waived the failure to instruct on justifiable homicide by stating to the court: " 'Judge, we have looked over [the charges], and we don't have any objection to any of the instructions,' ” because "there was no express waiver” of the omission).
While "fundamental error may be waived where defense counsel requests an erroneous instruction,” Armstrong v. State, 579 So.2d 734, 735 (Fla.1991), defense counsel did not request the instruction given below. See also Van Loan v. State, 736 So.2d 803, 804 (Fla. 2d DCA 1999) (noting "an exception to th[e] fundamental error rule arises when defense counsel affirmatively agrees to the omission or the alteration of a jury instruction,” but that before the exception applies "defense counsel must be aware of the omission, alteration, or incomplete instruction and affirmatively agree to it”). "It is well-established that " 'where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error, if any, was invited and will not warrant reversal.' " " Moore v. State, 114 *94 So.3d 486, 489 (Fla. 1st DCA 2013) (quoting Ray v. State, 403 So.2d 956, 960 (Fla.1981)), review granted sub nom. State v. Moore, 2014 WL 7251632 (Fla. Dec. 16, 2014). But the defense did not invite the error in the present case.
The record in the present case reflects nothing more than what the cases term unknowing acquiescence. "Since defense counsel did not affirmatively agree to the omission [of the definitions of justifiable and excusable homicide when instructing on attempted manslaughter], but only acquiesced in the instructions as given, the [Armstrong v. State, 579 So.2d 734 (Fla.1991)] exception does not apply.” Roberts v. State, 694 So.2d 825, 826 (Fla. 2d DCA 1997). The following exchange occurred during the charge conference:
COURT: Then we get to Count II, carjacking. Any problem with that other than you just don’t want it given, Mr. Eagen?
DEFENSE: No, sir.
COURT: Lesser included crimes of carjacking are robbery and theft of a motor vehicle.
DEFENSE: That’s fine, Your Honor.
COURT: Any others requested?
DEFENSE: Not in carjacking.
This falls far short of an affirmative agreement to omit the “afterthought” exception, which nobody was even considering, as far as can be .told from the transcript. Cf. Armstrong, 579 So.2d at 735 ("By affirmatively requesting the instruction he now challenges, Armstrong has waived any claim of error in the instruction.”); Richards v. State, 128 So.3d 959, 964 (Fla. 2d DCA 2013) ("Mr. Richards waived the error because he affirmatively requested the jury instruction he now challenges.”); Smith v. State, 76 So.3d 1056, 1058 (Fla. 4th DCA 2011) ("The specific issue of whether 'and/or' was appropriate was extensively discussed between the court and the attorneys, and Smith asked for the instruction that he now claims negated his entire defense_Where the defendant asks for the instruction that he claims on appeal was erroneous, he cannot raise its error on appeal.” (emphasis omitted)); Caldwell v. State, 920 So.2d 727, 733 (Fla. 5th DCA 2006) ("Caldwell's counsel specifically requested that the definition of 'concealed weapon' ... not be given regarding the instruction for carrying a concealed weapon during the commission of a felony. Because of this request, we believe it incongruous for Caldwell to now complain about an error he caused to occur.”).

. After Mr. Burns’ trial, our supreme court published amended standard jury instructions for carjacking (and robbery) by adding language following the instruction for "in the course of the taking”:
Afterthought. Give if applicable. DeJesus v. State, 98 So.3d 105 (Fla. 2d DCA 2012). If you find that the taking of the motor vehicle occurred as an afterthought to the use of force or violence against (victim), the taking does not constitute robbery [or carjacking] but may still constitute grand theft motor vehicle.
In re Standard Jury Instructions in Criminal Cases — Report No. 2012-09, 122 So.3d 263, 283, 288 (Fla.2013) (emphasis omitted). The error in the standard jury instructions identified in DeJesus has thus been corrected, although not before the juiy in the present case was misinstructed.

. Appellant argues that trial counsel was ineffective in failing to request a correct and complete instruction, and that this is apparent on the face of the record. But we cannot determine from the face of the record that defense counsel was ineffective. See Beazley v. State, 148 So.3d 552, 554 (Fla. 1st DCA 2014) ("Generally, a claim of ineffective assistance of counsel may not be raised on direct appeal. An exception may be made to this general rule when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.” (citation omitted)); Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002) ("Because of the strict rules limiting claims for ineffective assistance of counsel on direct appeal, the appellate courts typically reject the issue as both premature and requiring evidence beyond the appellate record.”); see also Pierce v. State, 137 So.3d 578, 582 (Fla. 2d DCA 2014) (" 'To conclude that an action or inaction taken by a trial attorney was a strategic decision generally requires an evi-dentiary hearing.'" (quoting Sampson v. State, 751 So.2d 602, 602 (Fla. 2d DCA 1998))); Pierre v. State, 114 So.3d 1105, 1105 (Fla. 1st DCA 2013) ("[A] determination that an action is strategic generally requires an evidentiary hearing.”); Wiggins v. State, 790 So.2d 1137, 1138 (Fla. 4th DCA 2001) ("If counsel made a tactical decision to abandon the alibi defense, an evidentiary hearing is required to determine whether that was a reasonable strategic choice.”).
There was to be sure evidence from which jurors could have determined taking the truck was not the motive for the use of force, and it is not clear from the record why defense counsel did not seek a correct instruction or present this theory of defense to the jury. But any relief on this theory must await collateral proceedings. See, e.g., Fernandez v. State, 135 So.3d 446, 447-48 (Fla. 2d DCA 2014) (concluding the defendant's allegations that counsel was ineffective for failing to investigate afterthought with regard to the charge of robbery and to advise the defendant of entitlement to a special jury instruction on afterthought were facially sufficient).