# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-626
Lower Tribunal No. 14-26356
_____

**Steve Gordon,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jacob Addicott and Jonathan Tanoos, Assistant Attorneys General, for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Appellant Steve Gordon appeals his judgment and sentence following a jury trial and conviction for strongarm robbery. Gordon contends that the trial court erred in denying his request for a "compound offense" jury instruction, and a verdict form which would have permitted the jury to select more than one lesser-included offense on the verdict form—specifically, either theft and assault, or theft and battery. Appellant also requests that this court remand for entry of a written order as to the lower court's oral pronouncement finding Gordon competent to stand trial. As to the first claim, we affirm, holding that there was no evidence at trial to support a compound offense instruction or a verdict form permitting the jury to find Gordon guilty of more than one lesser-included offense. As to the second claim, we remand for the trial court to enter a written order, consistent with its oral pronouncement, finding Gordon competent to stand trial.

**FACTS**

On December 26, 2014, the State charged Gordon by information with one count of robbery pursuant to section 812.13(2)(c), Florida Statutes (2014). The information alleged, in relevant part, that Gordon

> did unlawfully, by force, violence, assault, or putting in fear, take certain property, to wit: U.S. coin or currency, said property being the subject of larceny, and of the value of less than one hundred dollars ($100.00), the property of [victim], as owner or custodian, from the person or custody of [victim], with the intent to temporarily or permanently deprive the above-named [victim] of the said property, in violation of s. 812.13(2)(c), Fla. Stat. . . . .

2

The relevant acts comprising the crime are not in dispute, as a surveillance camera captured video of the entire encounter between Gordon and the victim. Gordon also provided a post-Miranda[1] statement to police confessing to the crime. However, the defense contended at trial that Gordon's actions constituted two lesser-included offenses (i.e., theft and assault or theft and battery), rather than the robbery as charged.

At trial, the female victim testified that Gordon approached her at a gas station while she was getting gas. Gordon asked if he could "borrow" two dollars for gas. During her testimony, the State played the surveillance video to the jury and, as the video played, the victim described the encounter:

> [I] said sure. I had all my money in my back pocket. I'm pulling it out and as I'm pulling it out, he's walking up to me. I give him the $2. He sees that I have more so he's like, oh, can I get a 10 instead. I said, no, you can't, and then he snatched my money out of my hand and tried to make a run for it. That's when I grabbed him by his shirt. He starts pulling away and then he says, oh, I'm just kidding, and smiles at me. And I'm like, that's not funny. And then he starts to pull away again. At some point he, like, pushes me off and slaps my glasses off of my face. His shirt starts tearing down the middle so I started yelling for help, because I didn't know how long I could hold on to him.

The victim testified that each time she tried to take back the money Gordon had "snatched" from her, Gordon pulled away and "that's when he tried to push me off and ended up smacking my face and my glasses off." The State also

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

introduced photographs which showed a cut to the victim's eyelid, an injury she sustained during her encounter with Gordon.

During the encounter, the victim yelled for help, and a Good Samaritan approached and ordered Gordon "to get down on the ground." Gordon started to comply and dropped the money. Almost immediately, however, Gordon jumped up and ran to his car. The Good Samaritan followed Gordon to the car, where the two tussled, and Gordon struck the Good Samaritan on the right side of his body. Gordon drove away and the Good Samaritan followed in his own vehicle while contacting police. Gordon was soon apprehended, waived his Miranda rights and gave a statement to police. The officer described Gordon's post-Miranda statement:

> [Gordon] said he was sitting his vehicle next to the gas pump when he saw the victim arrive. When she got out of her vehicle, he got out of his, and he approached her, asking her for $2. The victim removed money from her right rear pocket, at which time he said, can I get ten, and she said no. At that point, he said that they began tussling. He went to grab the money out of her hand and they began tussling for the money. Once the victim began to scream, he says that he told her, I'm just playing.

Gordon did not testify at the trial, call any witnesses, or introduce any exhibits.

During the charge conference, defense counsel requested that the jury be instructed that robbery was a compound offense and proposed a verdict form that

would allow the jury to find Gordon guilty of two lesser-included offenses—either theft and battery, or theft and assault.

The defendant's proposed jury instruction read as follows:

**Proposed Compound Offense Instruction**

Robbery is a compound offense. This means that even though this is a single charge, you may convict the defendant of multiple lesser included offenses.

If you find that Steve Gordon committed theft, <u>and afterwards committed a battery and/or assault</u>, you may convict the defendant of both theft and battery or theft and assault.

You may also convict the defendant of just theft, or just battery, or just assault, or find the defendant not guilty of this count.

(Emphasis added.)

Gordon also proposed the following verdict form, which permitted the jury to consider returning a verdict on the compound offenses of theft and assault or theft and battery:

**Proposed Verdict Form**
**COUNT I**

**Check only A, B, C, D, E, F, G, H, E-and-F, E-and-G, or H.**

**A.** Guilty of Robbery

**B.** Guilty of Robbery by Sudden Snatch, a lesser included offense

**C.** Guilty of Attempted Robbery, a lesser included offense

**D.** Guilty of Attempted Robbery by Sudden Snatch, a lesser included offense

5

**E.** Guilty of Theft, a lesser included offense

**F.** Guilty of Battery, a lesser included offense

**G.** Guilty of Assault, a lesser included offense

**H.** Not guilty.

The State argued there was no factual basis for the compound instruction because there was no separation or temporal break of any kind, and the video clearly established a single sequence of continuous acts by Gordon.

The court denied Gordon's requested special jury instruction and proposed verdict form. The trial court instructed the jury, consistent with the standard instructions, that the jury could find Gordon guilty of the following lesser-included crimes: Category One lesser-included offenses of theft or assault; Category Two lesser-included offenses of robbery by sudden snatching, attempted strongarm robbery, attempted robbery by sudden snatching, and battery. The standard instruction on lesser included offenses permitted the jury to find Appellant guilty of "any lesser included crime" and further stated that "[o]nly one verdict may be returned as to the crime charged." The jury found Appellant guilty of strongarm robbery, as charged in the information. The court sentenced Gordon to three years' imprisonment. This appeal followed.

## ANALYSIS

The concept of compound offenses are recognized in Florida. See, e.g., Gian-Grasso v. State, 899 So. 2d 392 (Fla. 4th DCA 2005); Bledsoe v. State, 764 So. 2d 927 (Fla. 2d DCA 2000); Foster v. State, 596 So. 2d 1099 (Fla. 5th DCA 1992) (Cowart, J., dissenting). Should the evidence support it, the trial court must instruct the jury on a compound offense and provide a verdict form that permits the jury to return a verdict of guilty as to more than one lesser-included offense. In fact, shortly after the trial in the instant case, the Florida Supreme Court amended the standard verdict form to permit the jury to consider, under appropriate circumstances, the returning of a verdict of guilty for two or more lesser-included offenses instead of the crime charged. See In re Std. Jury Instr. In Crim. Cases—Report No. 2016-02, 199 So. 3d 234, 236 (Fla. 2016) (amending the standard verdict form and Standard Jury Instruction 3.12 (Criminal) to inform jury in certain circumstances that "the defendant can be found guilty of more than one lesser included crime").[2]

---

[2] This concept of compound offenses and the concept of "afterthought" resulted from the Florida Legislature's amendment to the robbery statute in 1987. Prior to 1987, the robbery statute was consistent with common law, providing that robbery required that the act of force, violence, assault or putting in fear must be prior to or contemporaneous with the act of taking. The 1987 amendment defined "in the course of taking" more broadly and, since 1987 the statute has provided that an act "shall be deemed 'in the course of the taking' if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events. § 812.13(3)(b) (2014) (emphasis added). See Rockmore v. State, 140 So. 3d 979, 982-83 (Fla. 2014) (explaining history of amendment); Fonseca v. State, 547 So. 2d 1032 (Fla. 3d DCA 1989) (same); Stuckey v. State, 972 So. 2d 918 (Fla. 5th DCA 2007) (same).

The concept of compound offenses is closely related to the "afterthought" instruction which, under appropriate circumstances, can be given in a charge such as robbery. In fact, the standard jury instruction for robbery contains such a provision:

> *Afterthought. Give if applicable. DeJesus v. State, 98 So. 3d 105 (Fla. 2d DCA 2012).*

> **If you find that the taking of property occurred as an afterthought to the use of force or violence against the victim, the taking does not constitute robbery but may still constitute theft.**

> Fla. Std. J. Inst. (Crim.) 15.1 (2014).

Implicit in the concept of "afterthought" is that a defendant might use force or violence against a victim, but without the taking of any property (and without motivation to take any property) of the victim.[3] If, separate from this use of force or violence, a defendant subsequently takes the property of the victim as an "afterthought" (unaccompanied by, and accomplished without the use or threat of force, violence, assault or putting in fear), a defendant theoretically could be guilty of the two separate (and lesser-included) offenses of theft and assault, or theft and

---

See also Fla. Std. J. Inst. (Crim.) 15.1; Fla. Std. J. Inst. (Crim.) 3.12 (Verdict) (providing in "Comments" to Instruction: "For compounded offenses, such as Burglary with an Assault, the jury can convict on two lesser-included offenses. See Gian-Grasso v. State, 899 So. 2d 392 (Fla. 4th DCA 2005))."

[3] In fact, the proposed jury instruction Gordon asked the trial court to give the jury an "afterthought" instruction: "If you find that Steve Gordon committed theft, and afterwards committed a battery and/or assault, you may convict the defendant of both theft and battery or theft and assault."

8

battery, instead of the charged offense of robbery. See, e.g., Calafell v. State, No. 3D15-852 (Fla. 3d DCA May 3, 2017); Burns v. State, 170 So. 3d 90 (Fla. 1st DCA 2015); DeJesus v. State, 98 So. 3d 105 (Fla. 2d DCA 2012); Davis v. State, 922 So. 2d 438 (Fla. 5th DCA 2006); Perkins v. State, 814 So. 2d 1177 (Fla. 4th DCA 2002).

However, as can be seen from these cases and from the notes accompanying the standard afterthought instruction, such an instruction should be given only "if applicable" rather than as a matter of course in every robbery trial. Fla. Std. J. Inst. (Crim.) 15.1. See also DeJesus, 98 So. 3d at 108 (holding trial court erred in refusing to give afterthought instruction where evidence presented at trial supported afterthought theory); Davis, 922 So. 2d at 444 (observing that "Perkins demonstrates that afterthought is an established legal theory and that where there is some evidence to support it, a requested instruction should be given") (emphasis added).

The same analysis applies to the giving of an instruction (and providing a verdict form) for a compound offense. We hold that a defendant charged with strongarm robbery is not automatically entitled to a compound offense instruction and a verdict form which permits the jury to find a defendant guilty of the two component offenses of theft and assault (or theft and battery).[4] To warrant such an

---

[4] To be clear, a defendant charged with robbery is entitled to have the jury instructed on petit theft and assault, as these are Category One, necessarily lesser-

9

instruction and corresponding verdict form, there must first be some evidence to support the defendant's theory that "the act of force, violence, assault or putting in fear" was <u>not</u> used "in the course of the taking." <u>See</u> § 812.13(3)(b); <u>Rodriguez v. State</u>, 147 So. 3d 1066 (Fla. 3d DCA 2014) (holding that when the requested instruction relates to a defendant's valid theory of defense, the trial court must give the instruction if there is any evidence supporting the defendant's defense). <u>See also</u> <u>Gregory v. State</u>, 937 So. 2d 180, 182 (Fla. 4th DCA 2006) (holding that a defendant "is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is any evidence to support it, no matter how weak or flimsy.")

In other words, if the evidence conclusively establishes that the use of force was contemporaneous with the theft, and that use of force and the act of taking "constitute a continuous series of acts or events," <u>id.</u>, and there is no evidence to support any theory to the contrary, a defendant is not entitled to the compound offense instruction, and the jury is not permitted to consider returning verdicts of guilty for the two component offenses of theft and assault (or theft and battery).[5]

---

included offenses. Further, if the information alleges it and the evidence supports it, the jury must also be instructed on the Category Two lesser-included offenses, including battery. The question presented is not whether the jury must be instructed on these lesser-included offenses, but more discretely, whether the jury must also be instructed that they may find the defendant guilty of two or more of these lesser-included offenses and be provided with a verdict form that permits them to do so.

[5] The jury may of course still consider these individual lesser-included offenses

Gordon contends that the trial court had no discretion and was required to instruct the jury on the compound offense and provide a verdict form that permitted the jury to find Gordon guilty of theft and assault (or theft and battery). Gordon bases his argument in part on Stuckey v. State, 972 So. 2d 918 (Fla. 5th DCA 2007). In Stuckey, the Fifth District noted that a compound offense exists when "two lesser offenses are merged factually and in legal contemplation into the one greater offense." Id. at 921 (quoting Foster v. State, 596 So. 2d 1099, 2004 n. 6 (Fla. 5th DCA 1992) (Cowart, J., dissenting)). The Stuckey court also observed that, when a defendant is tried for a compound offense, "he is entitled to have the jury consider convicting him of both of the 'separate component offenses' that make up the compound offense." Id. at 922.[6]

The question is whether a defendant charged by information with strongarm robbery is automatically entitled to a compound offense instruction and a verdict form that permits the jury to return verdicts of guilty for two or more component

---

and may return a verdict on any one of them.

[6] On motion for rehearing, the Fifth District certified the following question as a matter of great public importance:

> Is a defendant charged with robbery entitled to have the jury instructed on more than one of the lesser included offenses where his theory of defense is that he committed both lesser offenses but not the greater charged offense?

The Florida Supreme Court denied review. State v. Stuckey, 980 So. 2d 491 (Fla. 2008).

offenses, even if the unrebutted evidence at trial establishes conclusively that the use of force and the act of taking occurred contemporaneously. Gordon urges us to adopt such a per se rule. We decline to do so and, to the extent that our sister court in <u>Stuckey</u> adopted such a per se rule for all robbery offenses, we certify express and direct conflict.[7]

We also note that <u>Stuckey</u> involved an entirely different set of circumstances that warranted, under the evidence presented, an instruction on compound offenses and a verdict form permitting guilty verdicts for two or more component offenses. In <u>Stuckey</u>, the defendant was observed by a loss prevention officer taking DVDs from a store and hiding them in his pants pocket. The loss prevention officer waited outside the store and watched as the defendant walked past the registers and exited the store without paying for the DVDs. The officer then confronted the defendant, at which time a struggle ensued between the defendant and the loss prevention officer. During the scuffle, the DVDs fell out of the defendant's pocket. The defendant was arrested and charged with robbery. At trial, the theory of defense was that the defendant committed two separate, lesser-included crimes—petit theft and resisting a merchant—as he lacked the requisite "intent to

---

[7] The Fifth District in <u>Stuckey</u> appears to have established a per se rule for all robbery offenses, "if the evidence presented at trial would support Defendant's conviction for each of those offenses." <u>Id.</u> at 923. <u>Stuckey</u> also relied upon <u>Gian Grasso</u>, 899 So. 2d at 392, which applied the same analysis to the compound offense of burglary with a battery. To the extent that <u>Gian Grasso</u> established such a per se rule, we certify express and direct conflict with that decision as well.

take by use of force" at the time he resisted. In closing argument, defense counsel argued to the jury that "the theft was complete and his intent in resisting the merchant was to escape, not to maintain possession of the stolen merchandise." Id. at 920. The defendant suggested that the jury return a verdict for petit theft and resisting a merchant, but not robbery. Over defense objection, the trial court instructed the jury that it could convict the defendant of robbery or of any one of the lesser-included offenses of resisting a merchant, battery, or petit theft. During deliberations, the jurors sent out a note, asking whether they could pick more than one of the lesser offenses. Over defense objection, the trial court answered "no". The jury subsequently returned a verdict finding the defendant guilty of robbery.

On appeal, the defendant, Stuckey, argued that he was entitled to a jury instruction, consistent with his defense theory, which would permit the jury to return a verdict for two lesser-included crimes (petit theft and resisting a merchant), because the information alleged the elements of these lesser offenses and the evidence at trial supported this theory.

> The Fifth District reversed and remanded for a new trial, reasoning that
>
> force employed after a theft may either give rise to a "robbery" or a "resisting a merchant" conviction, depending on whether the two acts were part of a continuous series of acts or events. . . . [I]n cases such as this, the defendant should be able to present his theory of defense to the jury and receive an instruction if the evidence supports it.

Id. at 923.

13

Stuckey is factually distinguishable, because there was evidence presented at the trial to support the defense theory. By contrast, in the instant case we have the testimony of the victim, the defendant's own post-arrest statement, and a video depicting the entirety of the crime, which conclusively establish that the act of taking and the use of force, violence, assault or putting in fear all occurred contemporaneously, in a single, continuous series of acts. There is simply no evidence to support a theory that the crimes committed by Gordon were theft and assault (or theft and battery) as opposed to robbery, because the only difference between those outcomes is the contemporaneity requirement. The existence of a temporal or spatial break—such that the act of taking and the use of force could be considered separate events accompanied by separate intents—may often be a question of fact for the factfinder (as it was in Stuckey). The instant case, however, presents no such circumstance. The video which shows the entire crime from start to finish, occurs in a single place and lasts a total of forty-four seconds. In that video, the defendant's use of force (assault or battery) occurred simultaneously with the taking, in one short, continuous act or series of acts by Gordon. There is no break, temporal, spatial, or otherwise, that could possibly justify a compound offense instruction or a verdict form that permits the jury to consider whether Gordon committed the two lesser offenses of theft and assault (or theft and battery) rather than robbery. Stated another way, if the jury were to have

14

determined that Gordon committed a theft and an assault (or a theft and a battery), such a determination would *necessarily mean* that Gordon committed a robbery, because the evidence presented at trial established conclusively that the use of force and the act of taking were contemporaneous, and there was no evidence to support any contrary theory.[8]

---

[8] Thus, the only possible legal premise to justify giving the requested compound offense instruction and verdict form in this case would be that of a jury pardon. In support of this proposition, Gordon cites to Spencer v. State, 71 So. 3d 901 (Fla. 1st DCA 2011). We respectfully disagree with our sister court's conclusion in Spencer, and conclude that the concept of jury pardon is not the underpinning for a jury's ability to consider verdicts of guilty on two lesser-included component offenses. Rather, it is grounded simply in the right of the jury to consider lesser-included offenses supported by the evidence. See, e.g., Haygood v. State, 109 So. 3d 735, 742 (Fla. 2013) (expressly repudiating the contention that its decision was premised on the concept of jury pardon: "This decision is not based on the jury pardon doctrine and is not hinged on the right of the jury to issue a jury pardon despite the evidence. This decision is firmly founded on the longstanding principle that a defendant is entitled to have the jury correctly instructed on the crime charged and the lesser included offenses.")

For example, in a homicide prosecution, the jury is not permitted to consider any non-homicide lesser-included offenses (e.g., aggravated battery) even if such lesser-included offenses are subsumed within and necessarily established by proof of the murder charge, unless there is some disputed issue of fact (and some evidence to support a theory) regarding an intervening cause of death. Martin v. State, 342 So. 2d 501, 503 (Fla. 1977) (superseded on other grounds by Fla. R. Crim. P. 3.490); Humphrey v. State, 690 So. 2d 1351 (Fla. 3d DCA 1997); Walker v. State, 671 So. 2d 817 (Fla. 4th DCA 1996). See also Daugherty v. State, 211 So. 3d 29 (Fla. 2017). In the same way, whether a jury may lawfully find a defendant guilty of two or more lesser-included offenses, instead of the compound offense charged, is not premised on any notion of jury pardon, but rather upon the presence of some evidence to support the theory that defendant committed the two discrete component offenses rather than the single compound offense.

We do agree with defendant that the trial court erred in failing to enter a written order regarding defendant's competency. Florida Rule of Criminal Procedure 3.212(b) provides that "[if the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed." Both parties agree the rule requires a written order and that the trial court failed to provide such here. Although the State contends this issue was waived and, thus, not reviewable on appeal, a review of the case law suggests that this argument is without merit. See Holland v. State, 185 So. 3d 636, 637 (Fla. 2d DCA 2016). Here, the trial court made an oral finding that defendant was competent to proceed, but failed to render a written order to that effect. This cause must be remanded to the trial court to enter a written order consistent with its oral pronouncement.

We affirm the conviction and sentence, but remand this cause to the trial court to enter a written order reflecting its oral pronouncement regarding appellant's competency.