# Third District Court of Appeal

## State of Florida

Opinion filed October 25, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-215
Lower Tribunal No. 13-8045
_____

**Robert Rodriguez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

PER CURIAM.

Robert Rodriguez appeals a final judgment of conviction and sentence following a jury trial. The amended information charged Rodriguez with: kidnapping a child under the age of 13, with aggravated child abuse and sexual battery, in violation of section 787.01(3)(a), Florida Statutes (2013); aggravated child abuse, in violation of section 827.03(2), Florida Statutes (2013); and sexual battery by a person 18 years of age or older on a person less than 12 years of age, in violation of section 794.011(2), Florida Statutes (2013). The jury returned a verdict of guilt on all three counts.

Rodriguez raises six issues: an alleged misrepresentation by the prosecutor regarding prior sexual abuse suffered by the child victim; improper bolstering by an expert pediatrician and child sexual abuse medical expert regarding the child victim's credibility; an inadequate Nelson[1] hearing; denial of a motion to authorize payment under section 29.007(4), Florida Statutes (2015), for a polygraph examination, contended to have been indispensable to Rodriguez's plea negotiations; allegedly improper comments by the prosecutor inviting a non-unanimous verdict on the theory of aggravated child abuse; and the absence of a written finding of competency following an oral pronouncement by the trial court to that effect.

---

[1] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

After a thorough review of the record in the case and, in particular, upon application of the appropriate standards of review[2] to each of the issues raised by Rodriguez, we reject Rodriguez's first five issues on appeal—observing that the child victim's statements were corroborated by physical evidence as well as consistent accounts given by the child to the child's mother, law enforcement personnel, a fire rescue officer who responded to the burn report, and a nurse. The pediatrician and child sexual abuse expert who testified in the case considered these facts in formulating his opinion, distinguishing this case from the diagnosis of "sexual abuse by history" held to require reversal and a new trial in Ramayo v. State, 132 So. 3d 1224 (Fla. 3d DCA 2014).

The sixth issue on appeal, however, warrants a limited reversal and remand for the entry of a written order finding Rodriguez was competent to proceed to trial.[3] Gordon v. State, 219 So. 3d 189, 197 (Fla. 3d DCA 2017); Fla. R. Crim. P. 3.212(b).

---

[2] Two of the issues were not adequately preserved at trial, requiring a review for "fundamental error." Bell v. State, 108 So. 3d 639, 650 (Fla. 2013). We conclude that the cumulative effect of the closing argument excerpts raised here by Rodriguez did not deprive him of a fair trial.

[3] As trial was about to commence, the trial court ordered an emergency competency evaluation. The parties stipulated that Rodriguez was competent to proceed, and the trial court's finding on that point appears in the applicable transcript. A written order to that effect does not appear in the record or docket, however. The state acknowledges that reversal and remand for the entry of such an order is appropriate.

Affirmed in part; reversed and remanded for the limited purpose of entering an order consistent with the trial court's oral pronouncement that Rodriguez was competent to proceed to trial.