814 So.2d 1177 (2002)
Floyd S. PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-767.
District Court of Appeal of Florida, Fourth District.
April 17, 2002.
*1178 Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of first degree murder based on evidence which would have supported the separate charges of premeditated or felony murder. The underlying felony for the felony murder charge was robbery. He contends that the court erred in not instructing the jury that, if the taking of the victim's property was an afterthought, and not the motivation for the use of force, there was no robbery. If the court had given the instruction, the jury, he argues, could have found that there was no felony and thus no felony murder. We agree and reverse for a new trial.
Although there was ample evidence that this was first degree murder, either premeditated or felony murder, appellant testified to a different version of events. He related that the victim had invited him to his home for drinks after they met in a bar. After having drinks in the victim's home, appellant went to sleep in the spare bedroom and was later awakened to find the naked victim on top of him holding a knife to his face. Appellant testified that a struggle ensued in which he accidentally stabbed the victim. Although he subsequently left with some of the victim's possessions, he claimed that he had never intended to rob the victim and had only stabbed him in self-defense.
One of the differences between a robbery and a theft is that in a robbery, "in the course of the taking there is the use of force, violence, assault, or putting in fear." § 812.13(1), Fla. Stat. (2001). If the force or violence is motivated by a reason other than to rob the victim, then the taking of the property would not constitute a robbery.
In Mahn v. State, 714 So.2d 391 (Fla. 1998), defendant had been convicted of first degree murder and armed robbery, and argued that there was insufficient evidence *1179 to show that he had committed a robbery. The evidence showed that, after he stabbed his father's girlfriend and her son, he took the girlfriend's car and money in order to escape. Our supreme court concluded that there was insufficient evidence to support a conviction for robbery, because the evidence was all to the effect that the murder was the result of defendant's emotional disturbances involving his relationship with his father and the girlfriend. The taking of the property was an afterthought.
In the present case appellant, citing Mahn, requested that the court instruct the jury that the elements of first degree felony murder were:
1. Charles Squires is dead.
2. The death occurred as a consequence of and while Floyd Scott Perkins was engaged in the commission of a robbery. The taking of property after a murder, where the motive for the murder was not the taking of the property, is not robbery. Mahn v. State, 714 So.2d 391 (Fla.1998).
3. Floyd Scott Perkins was the person who actually killed Charles Squires.
A similar instruction was given in Perry v. State, 801 So.2d 78, 89 (Fla.2001):
If the evidence shows that the defendant took the victim's property to effect his escape, but that the taking of the victim's property was an afterthought to the use of force or violence which resulted in the death of the victim, the taking of the victim's property does not constitute robbery, but may constitute theft.
See also Beasley v. State, 774 So.2d 649, 662 (Fla.2000) ("in those cases where the record discloses that, in committing the murder, the defendant was apparently motivated by some reason other than a desire to obtain the stolen valuable, a conviction for robbery (or the robbery aggravator) will not be upheld.").
The state argues that the standard jury instruction on robbery was sufficient, and that an afterthought instruction was therefore unnecessary. The standard instruction, Florida Standard Jury Instruction (Crim.) 1362, which was given, was:
Before you can find the defendant guilty of Robbery, the State must prove the following four elements beyond a reasonable doubt:
1. Floyd Scott Perkins took the money or property from the person or custody of Charles Squires.
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The property taken was of some value.
4. The taking was with the intent to permanently or temporarily deprive Charles Squires of his right to the property or any benefit from it. "In the course of the taking" means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute continuous series of acts or events.
We do not agree with the state that the standard instruction is adequate to explain to the jury the defense theory that the robbery was an afterthought. Without the instruction as requested by appellant in this case, or as given in Perry, the jury could not have understood the afterthought theory of defense. Under paragraph 4 of the standard instruction a jury would assume that so long as the force and the taking constituted a "continuous series of acts or events" the motive for the force would be irrelevant. The failure to give a requested jury instruction on a key theory *1180 of defense, where there is evidence to support the instruction, requires a new trial. Parker v. State, 458 So.2d 750 (Fla.1984).
We find no error as to the remaining issues. Reversed.
WARNER and FARMER, JJ., concur.