888 So.2d 128 (2004)
Lawrence MORGAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2049.
District Court of Appeal of Florida, Third District.
November 24, 2004.
*129 Lawrence Morgan, in proper person.
Charles J. Crist, Jr., Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and WELLS, JJ.
PER CURIAM.
Lawrence Morgan appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Morgan entered into a plea bargain on six counts of an information. Thereafter he filed a motion to correct illegal sentence, arguing that the statute of limitations had expired on counts three, five, and six prior to the time that the information was filed. He requested that the sentences be vacated on those counts, and the charges dismissed. He did not, however, request withdrawal of the plea. The trial court denied the motion and the defendant has appealed.
First, a motion to correct illegal sentence is an appropriate procedure for challenging a sentence, but not a conviction. See Wiley v. State, 604 So.2d 6, 7 (Fla. 1st DCA 1992); State v. Spella, 567 So.2d 1051, 1052 (Fla. 5th DCA 1990). Since the defendant is attempting to vacate his convictions as well as sentences, the appropriate procedure is a motion under Florida Rule of Criminal Procedure 3.850.
Second, we agree with Judge Barzee that the statute of limitations claim that the defendant attempts to raise involves a factual issue which cannot be determined from the face of the record and thus cannot be brought under Rule 3.800(a). That is so because the three-year statute of limitations cited by the defendant is subject to being extended for an additional three years "when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state." § 775.15(6), Fla. Stat. (1997). Since the information was filed within the period of the three-year extension (if applicable), it would require a factual inquiry to determine whether there was a time bar or not. Thus, under the circumstances present here, the motion would be cognizable only under Rule 3.850, as it requires a factual determination.
Affirmed.