WARNER, J.
This is an appeal of the trial court’s order summarily denying appellant’s motion for postconviction relief. We reverse and remand for an evidentiary hearing on his claim that his attorney was ineffective for failing to request an “afterthought” instruction with respect to his conviction for robbery.
Appellant was charged with first degree premeditated murder, robbery with a weapon, and grand theft of a vehicle, all charges arising from an altercation which culminated in appellant beating and stabbing the victim to death. The state specifically charged appellant with using force or violence to “knowingly take away car keys and/or a motor vehicle ... from the person [of the victim]” and with using a weapon in the course of the robbery. Thus, the charge was directed solely at the taking of the vehicle. According to appellant’s statement to police, the victim invited appellant to his apartment, and the two watched movies. The victim paid appellant to perform some sexual acts. When appellant got upset, a struggle ensued during which fatal injuries were inflicted on the victim. After the struggle, appellant *906 left the apartment, taking the keys to the victim’s vehicle as he was leaving. The jury convicted appellant of second degree murder, robbery with a weapon, and grand theft of the vehicle.
Appellant filed a motion for postconviction relief raising several issues, only one of which merits consideration. He claims that his counsel was ineffective for failing to request an “afterthought” instruction in connection with the robbery. Under appellant’s version of events, the taking of the vehicle was an “afterthought.” We have held that failure to give an instruction that the taking was an afterthought after a murder and thus could not be robbery was reversible error. See Perkins v. State, 814 So.2d 1177 (Fla. 4th DCA 2002).
The state counters that since the only evidence of this defense was from appellant’s “self-serving” statement, he should not be entitled to postconviction relief. It cites to Bertolotti v. State, 534 So.2d 386, 387 (Fla.1988), where the defendant claimed his counsel was ineffective for failure to raise an intoxication defense. The court refused to grant relief because the only evidence of intoxication at trial was the defendant’s own statement. The court noted that the statement was not supported by any independent testimony or evidence and was specifically contradicted at trial. Therefore, without more, the trial court did not err in denying the motion.
The state also cites to Miller v. State, 503 So.2d 929 (Fla. 3d DCA 1987), where the court refused to reverse a conviction for failure to give a requested jury instruction on the defense of “withdrawal” from a planned robbery where the only evidence supporting the defendant’s withdrawal from the crime was the defendant’s statement. In that case, too, the court noted that there was an “overwhelming preponderance of evidence” to contradict the appellant’s statement. In fact, the court explained:
[Wjhen a defendant makes a self-serving statement in a police confession to prove his innocence of a crime based on withdrawal, but there is an overwhelming preponderance of evidence which contradicts that statement, an appellate court will not find reversible error in the denial of an instruction on the withdrawal defense. The actions of a defendant may speak louder than his words.
Id. at 931.
In both cases cited by the state, the defendant’s self-serving statement stood in contrast to substantial evidence contradicting the statement. Thus, in light of the evidence supporting the conviction, the court in Bertolotti refused to grant post-conviction relief, and the Miller court refused to reverse the conviction. Here, however, there was no evidence to support the charge of robbery other than the taking of the vehicle after the murder. That same evidence supports an “afterthought” instruction.
The dissent discusses at length the sordid history of the events leading up to the victim’s death. However, efforts to get money from the victim do not translate into evidence of an intent to take the vehicle by force. We simply disagree that the other evidence presented was at all contradictory to his defense of “afterthought” to the taking of the vehicle.
Factually, this case is identical to Perkins, although Perkins was an appeal from a conviction. In Perkins, we noted that the standard jury instruction on robbery did not adequately explain to the jury the theory of “afterthought.” Therefore, we reversed the conviction for a new trial. Similarly, in this case there does not appear to be any evidence to support the robbery charge.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show both inef *907 fective assistance of counsel and a reasonable probability that the result would have been different had counsel not performed ineffectively. The Court wrote:
[T]he defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the advei'sary process that renders the result unreliable.
Id. at 687, 104 S.Ct. 2052. In clarifying the meaning of “prejudice” and a “reliable” result, the Court further wrote:
The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel’s errors. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.
Id. at 695, 104 S.Ct. 2052. The appellant’s claim, which is not conclusively refuted on the record, provides a reasonable probability that absent the error in not giving the “afterthought” instruction there would be a reasonable doubt respecting appellant’s guilt of robbery.
As there is a sufficient showing of deficient performance on the part of counsel in failing to request such an instruction for the robbery conviction, an evidentiary hearing is required as the ground is not conclusively refuted by the record. This does not affect the conviction for second degree murder nor the conviction for grand theft, as the lack of the “afterthought” instruction would affect only the robbery conviction, and there was substantial independent evidence supporting each of the other charges.
We therefore reverse and remand for an evidentiary hearing on the “afterthought” issue. We affirm as to the remaining issues raised.
TAYLOR, J., concurs.
GUNTHER, J., dissents with opinion.