GUNTHER, J.,
dissenting.
I respectfully dissent.
The majority concludes that McGee was entitled to an “afterthought” jury instruction because “there was no evidence to support the charge of robbery other than the taking of the vehicle after the murder.” After considering the evidence in this case, I believe that McGee was not entitled to an afterthought jury instruction and that his trial counsel was not ineffective for failing to request such an instruction. Thus, I conclude that the denial of McGee’s motion for post-conviction relief as to robbery should be affirmed and not reversed and remanded for an evidentiary hearing.
An afterthought defense is intended to negate the element of a defendant’s intent to commit a robbery. In other words, “[i]f the force or violence is motivated by a reason other than to rob the victim, then the taking of the property would not constitute a robbery.” Perkins v. State, 814 So.2d 1177, 1178 (Fla. 4th DCA 2002). In this case, McGee, who did not testify at his trial, relies on his statement to law enforcement, which was admitted into evidence, to attempt to establish his entitlement to an afterthought jury instruction. He argues that he did not come to the victim’s house and leave the victim dead in order to rob the victim of his car keys (or any other personalty). Rather, in his statement to law enforcement, McGee explained that he took the car keys in order to effectuate his getaway from the scene because he was badly bleeding and needed to immediately care for his injuries. Be *908 yond this single, self-serving statement made to law enforcement, there is no evidence in the record supporting McGee’s contention that he had no intent to rob the victim.
On the other hand, there is ample evidence in the record, contained elsewhere in McGee’s statement to law enforcement, that McGee was motivated by a need for money to feed his crack cocaine addiction, and would steal, perform sexual acts, and maybe even kill for this end. When the victim first encountered McGee on the street, he asked McGee if he would be willing to hang out and watch a movie. McGee indicated that he would, but that he needed some money and a ride first. McGee used the money the victim gave him to purchase crack cocaine and did not rendezvous with the victim as expected.
However, the victim drove around until he found McGee walking down the street. The victim was upset that McGee had made off with the money. McGee feared possible violence, so he offered to repay the victim in exchange for a ride. Instead, the men stopped and bought beer and cigarettes and drove to the victim’s apartment. The men settled in to watch a pornographic videotape in the victim’s bedroom. The victim asked McGee for sex, but McGee declined. The victim then offered McGee fifty dollars to dance nude, and McGee agreed. The men then fooled around for a while, after which McGee threatened to leave. The victim offered McGee thirty dollars to masturbate, and McGee again agreed. A few minutes later, McGee threatened to leave again. A violent struggle ensued, the victim was killed, and McGee picked up the victim’s car keys from the floor and drove off in his car.
McGee drove to a water spigot to wash off his bleeding hands. He then parked the car behind a building. The next day, after purchasing crack cocaine and having a friend drive him in another car to purchase bandages and alcohol, he pawned the victim’s car and used the proceeds to buy more crack cocaine.
Generally, “[t]he failure to give a requested jury instruction on a key theory of defense, where there is evidence to support the instruction, requires a new trial.” Perkins, 814 So.2d at 1179-1180. However, there is an exception to this general rule where the only evidence supporting a theory of defense, such as afterthought, is the self-serving statement of the defendant. Two cases cited by the State illustrate this exception to the rule requiring the giving of a requested jury instruction on a key theory of defense when the defendant relies only on a self-serving statement.
The first case is Bertolotti v. State, 534 So.2d 386 (Fla.1988). In Bertolotti, the Florida Supreme Court wrote:
At trial the only evidence of intoxication was a statement made by Bertolotti in his first confession to police that at the time of the murder he was “high” on a Quaalude he bought from a friend. The trial court correctly determined that such a “self-serving declaration” made during a confession, which was unsupported by independent testimony or evidence and was specifically contradicted at trial, was insufficient to warrant the giving of an intoxication instruction.
Id. at 387.
The second case is Miller v. State, 503 So.2d 929 (Fla. 3d DCA 1987). In Miller, the Third District wrote:
He made one self-serving statement in a police confession and relies on this to prove his innocence of the crime based on withdrawal. However, after the statement was allegedly made to the accomplice, the appellant’s acts belied withdrawal. He supplied the accomplice with the combination to the safe; he left the store knowing the accomplice was *909 hiding in the store in a place where he would not be found; he knew the accomplice planned to knock the porter out; and he attempted to assist the accomplice, who was covered with blood, from outside the store. Under such circumstances, the evidence did not support his request for an instruction on “withdrawal.”
Id. at 930.
The majority contends that McGee’s case is unlike Bertolotti and Miller because his self-serving statement to law enforcement did not stand in contrast “to substantial evidence contradicting the statement.” However, Bertolotti stands for the proposition that a self-serving statement being both “unsupported by independent testimony or evidence and ... specifically contradicted at trial,” is insufficient to warrant the giving of an instruction on the defendant’s theory of defense. Here, it is unquestioned that McGee’s self-serving statement to law enforcement was “unsupported by independent testimony or evidence,” and therefore fails to meet the first requirement of Bertolotti necessary for a defendant to be entitled to an afterthought instruction.
Additionally, McGee’s self-serving statement was “specifically contradicted at trial.” This is so because the very statement to law enforcement that McGee relies on to create his entitlement to an afterthought instruction contains, in addition to other relevant evidence, the statement that he pawned the car and used the money to purchase crack cocaine. According to the plain language of Bertolotti, the self-serving statement need only be specifically contradicted by evidence at trial, which it was in this case. Despite the majority’s contention that the robbery charge was unsupported by any evidence other than the taking of the vehicle, contradicting evidence at trial was contained in McGee’s statement to law enforcement that he took money from the victim on the street and bought crack cocaine, went to the victim’s apartment where he performed sexual acts in return for money which he used to buy crack cocaine, and took the victim’s car keys and car only to later pawn them for money which he used to buy crack cocaine. This pattern of behavior on McGee’s part specifically contradicts his claim to have lacked the intent to rob the victim where everything he did over the course of twenty-four hours was aimed at obtaining money to fund his crack cocaine habit. Thus, I conclude that McGee’s acts belie that robbery was an afterthought.
Finally, although the majority claims that this case is identical to Perkins, such is difficult to discern. This is so because, like the majority opinion in the present case, Perkins does not set forth any evidence relevant to its conclusion that the defendant was entitled to an afterthought instruction other than his self-serving statement. Without knowing what the supporting, independent testimony or evidence was in Perkins, and considering that there is no such evidence in this case, Perkins offers little support for reversal of the trial court’s denial of McGee’s motion for post-conviction relief.
In sum, McGee was not entitled to an afterthought jury instruction on the robbery count, and trial counsel was not ineffective for failing to request such an unwarranted instruction. Therefore, I would not reverse and remand for an evidentiary hearing on his claim that his attorney was ineffective for failing to request an afterthought instruction with respect to his conviction for robbery but would affirm this case in all respects.