# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-852
Lower Tribunal No. 06-27519
_____

**Roque Esteban Calafell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.

Before SALTER, EMAS and LOGUE, JJ.

SALTER, J.

Roque Calafell appeals his adverse jury verdict, conviction and sentences for first degree murder and robbery. We reverse his robbery conviction and remand that charge for a new trial, concluding that his request for a special jury instruction on the afterthought defense was well taken and erroneously denied.

We affirm his conviction on the first degree murder charge because it rests on competent, substantial evidence establishing premeditation irrespective of the robbery conviction. The jury rendered a general verdict subsuming both first degree premeditated murder and felony murder. The evidence independently establishing premeditation is sufficient to warrant affirmance despite the reversal of the robbery conviction as a basis for a conviction for felony murder.

The Afterthought Instruction

Calafell's defense counsel made a timely request for a special instruction on his "afterthought" defense, based on evidence that Calafell removed the victim's property as an afterthought to the use of force in the criminal incident. While the trial court has discretion on whether to give a particular instruction, "in a criminal proceeding, the trial court's discretion is limited by the defendant's right to have the jury instructed on any valid theory of defense supported by record evidence." Cliff Berry, Inc. v. State, 116 So. 3d 394, 406 (Fla. 3d DCA 2012).

2

The defendant is entitled to a special jury instruction if: "(1) the special instruction was supported by the evidence;[1] (2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing." Wheeler v. State, 4 So. 3d 599, 605 (Fla. 2009) (quoting Stephens v. State, 787 So. 2d 747, 756 (Fla. 2001)). In this case, the three requirements were present and the robbery conviction must be reversed.[2]

Premeditated Murder

The reversal of the robbery conviction would require the reversal of a special interrogatory verdict for felony murder predicated on robbery as the underlying felony, as conviction by the jury on a lesser charge of theft (pursuant to the afterthought instruction and evidence) would not have supported a felony murder

---

[1] The trial court acknowledged that the evidence was sufficiently close to permit the jury to determine that the victim's property was taken as an afterthought after Calafell attacked the victim. This colloquy took place during the discussion of whether the felony murder charge could be submitted to the jury.

[2] At the time of trial, defense counsel proposed an afterthought instruction at variance with the then-extant standard instruction in Criminal Jury Instructions 15.1. In re Standard Inst. In Crim. Cases— Report No. 2012-09, 122 So. 3d 263, 284 (Fla. 2013). In the event that the State continues to prosecute the robbery charge on remand and the defense seeks an afterthought instruction, the standard form should be considered.

3

conviction. Here, however, the defense did not seek or obtain special interrogatories regarding premeditated first degree murder and felony murder.

In San Martin v. State, 717 So. 2d 462, 470 (Fla. 1998), the Supreme Court of Florida followed the opinion of the Supreme Court of the United States in Griffin v. United States, 502 U.S. 46 (1991), regarding a general jury verdict grounded on an alternative theory of guilt for which the evidence is sufficient. The Fifth District applied San Martin to the facts of a case similar to the case at hand in Davis v. State, 922 So. 2d 438, 444 (Fla. 5th DCA 2006). In that case, the defendant sought reversal of his conviction for robbery and for first degree (premeditated and felony) murder based on the trial court's erroneous denial of his request for an afterthought instruction.

The Fifth District reversed the robbery conviction based on the denial of the instruction, observing as well that if the afterthought theory "were believed by the jury, the robbery necessary to support the felony murder theory would be negated." Id. Upon a review of the evidence of premeditation in the record, however, the Fifth District found "sufficient evidence to support the first degree premeditated murder conviction independent of the error relating to the felony murder conviction." Id. at 445.

In the present case, Calafell told his girlfriend (who testified at trial and participated by luring the victim to the apartment shared by Calafell and the

4

girlfriend) that he wanted to kill the victim. The victim told the couple he could obtain fraudulent social security cards for them, but did not deliver on that promise. Calafell's presentation of evidence that the theft of the victim's property was an afterthought—with its premise that the murder, not the theft, was the basis for luring the victim to Calafell's and his girlfriend's apartment—only provides additional indicia of premeditation regarding the murder.

Finally, Calafell's reliance on Perkins v. State, 814 So. 2d 1177 (Fla. 4th DCA 2002), is unavailing. That case also involved the erroneous denial of an afterthought instruction and evidence which would have supported a conviction of first degree murder under the separate charges of premeditated or felony murder. The defendant in Perkins testified to a "different version of events" based on self-defense and his claim "that he had never intended to rob the victim and had only stabbed him in selfdefense." Id. at 1178. The victim and defendant in that case had met in a bar that evening, in contrast to the longer course of dealing between Calafell and the victim in the case at hand, and in contrast to the defendant's specific plan and preparation to murder (the kind of evidence detailed in Davis). In the case under review, Calafell did not testify, and thus did not contradict his girlfriend's testimony regarding premeditation.

For these reasons, we reverse and remand the case for a new trial on Count II of the indictment, and we affirm the conviction and sentence for first degree murder.

5

We find no merit in Calafell's other issues on appeal.

Reversed in part, affirmed in part, and remanded for further proceedings on Count II.