PER CURIAM.
We affirm the trial court's order, which denied Planas' Motion to Correct an Unlawful Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The motion, while purportedly seeking to correct an illegal sentence, was instead an attack on both the conviction and the sentence. A motion under rule 3.800(a) is not available where, as here, the defendant seeks to challenge the validity of the conviction (and, by extension, the "legality" of the sentence). Lopez v. State, 2 So.3d 1057, 1059 (Fla. 3d DCA 2009) ; Coughlin v. State, 932 So.2d 1224, 1225 (Fla. 2d DCA 2006) (holding that "a traditional double jeopardy challenge attacks both the conviction and, by default, the sentence, while rule 3.800(a) is limited to claims that the sentence itself is illegal, without regard to the underlying conviction"). Planas could have and should have raised the instant claim on direct appeal from his conviction and sentence or, if appropriate, by a timely motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.