# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1741
Lower Tribunal No. F06-27519
_____

**Roque Esteban Calafell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Roque Esteban Calafell, in proper person.

Ashley Moody, Attorney General, for appellee.

Before MILLER, GORDO and BOKOR, JJ.

BOKOR, J.

Appellant, Roque Esteban Calafell, seeks post-conviction relief on a variety of ineffective assistance of counsel claims, presented through multiple motions. As correctly identified by the trial court in the order on review, and after consideration of the transcript of the trial and other documents attached to the trial court's order, we conclude that Calafell provides only conclusory allegations with no support in the record, impermissibly seeks post-conviction review of matters that were, or should have been, litigated on direct appeal, or both. Similarly, a review of the record on appeal reveals that Calafell's attempts to recast some of the claims as based on "newly-discovered" evidence fail. The record reveals no such newly discovered evidence or information, and instead shows that Calafell's claims are either untimely or inappropriate subject matter for a post-conviction motion. Accordingly, as explained herein and more thoroughly examined in the order on appeal, none of Calafell's claimed instances of ineffective assistance provide a basis for relief.

Most of the ineffective assistance Calafell claims rely on conclusory allegations that are either refuted by the transcript of the trial or contain no basis in the record. For example, Calafell makes an unsupported and conclusory contention that counsel failed to object to testimony that he claims was "full of lies" and discrepancies. He offers no record support for

2

his claims. See Johnston v. State, 70 So. 3d 472, 483 (Fla. 2011) (holding that conclusory allegations do not support a claim for post-conviction relief).

Calafell claims ineffective assistance due to a "contaminated" jury, failure to object to improper argument, and a host of other issues that should have been, or were, raised on direct appeal. The record refutes the claims; moreover, such a claim is procedurally barred due to failure to raise the issue on direct appeal (or such issues were already raised on direct appeal and rejected). See Jennings v. State, 123 So. 3d 1101, 1122 (Fla. 2013) (explaining that claims of improper argument should be raised on direct appeal and cannot form the basis for postconviction proceedings); Muhammad v. State, 603 So. 2d 488, 489 (Fla. 1992) (holding that postconviction appeal cannot be used where an issue either was raised, or could have been raised, on direct appeal). None of the other claims merit discussion, as they all rely on conclusory allegations without specific record support (or the record affirmatively refutes the conclusory allegation), should have been brought on direct appeal, or both. Additionally, to the extent Calafell raises a conclusory claim of ineffective assistance for failure to ask for special interrogatories, Calafell cannot make the necessary showing of prejudice. A prior panel of this court explained, on this issue, that no relief lies where the State, as here, presented "an alternative theory of guilt for

3

which the evidence is sufficient." <u>Calafell v. State</u>, 220 So. 3d 490, 492 (Fla. 3d DCA 2017).

Accordingly, for the reasons explained above, we agree with the trial court's well-reasoned legal analysis and conclusions reached in the order on appeal.

Affirmed.