# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1014
Lower Tribunal No. F17-23037B

_____

**Jose D. Ramirez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

Jose D. Ramirez, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, SCALES and HENDON, JJ.

PER CURIAM.

Jose D. Ramirez appeals the trial court's order denying his motion purporting to challenge the legality of his sentence. Although captioned as a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), Ramirez's motion is in reality a challenge to the validity of the underlying conviction, rather than a challenge to the legality of the sentence. Ramirez contends that his arrest and prosecution was the result of an unlawful reverse-sting operation conducted by law enforcement, and that his conviction (and the resulting sentence) are therefore illegal. A motion to correct illegal sentence under rule 3.800(a) is not cognizable where, as here, the defendant seeks to challenge the validity of the conviction and, only by extension, the "legality" of the resulting sentence. Planas v. State, 271 So. 3d 76 (Fla. 3d DCA 2019); Lopez v. State, 2 So. 3d 1057, 1059 (Fla. 3d DCA 2009); Morgan v. State, 888 So. 2d 128, 129 (Fla. 3d DCA 2004) (acknowledging "a motion to correct illegal sentence is an appropriate procedure for challenging a sentence, but not a conviction"); Coughlin v. State, 932 So. 2d 1224, 1225 (Fla. 2d DCA 2006) (holding "a traditional double jeopardy challenge attacks both the conviction and, by default, the sentence, while rule 3.800(a) is limited to claims that the sentence itself is illegal, without regard to the underlying conviction"). Ramirez could have and should have raised the instant claim on direct appeal from his conviction

2

and sentence or, if appropriate, by a timely motion filed pursuant to Florida Rule of Criminal Procedure 3.850.

Affirmed.