# Third District Court of Appeal

## State of Florida

Opinion filed October 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1515
Lower Tribunal No. F06-27519
_____

**Roque Esteban Calafell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Roque Esteban Calafell, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, SCALES and HENDON, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Calafell v. State</u>, 220 So. 3d 490 (Fla. 3d DCA 2017). <u>See also</u> <u>Ramirez v. State</u>, 47 Fla. L. Weekly D1823, 2022 WL 3903532 at *1 (Fla. 3d DCA Aug. 31, 2022) ("A motion to correct illegal sentence under rule 3.800(a) is not cognizable where, as here, the defendant seeks to challenge the validity of the conviction and, only by extension, the 'legality' of the resulting sentence") (citing <u>Planas v. State</u>, 271 So. 3d 76 (Fla. 3d DCA 2019); <u>Lopez v. State</u>, 2 So. 3d 1057, 1059 (Fla. 3d DCA 2009); <u>Morgan v. State</u>, 888 So. 2d 128, 129 (Fla. 3d DCA 2004) (acknowledging "a motion to correct illegal sentence is an appropriate procedure for challenging a sentence, but not a conviction"); <u>Coughlin v. State</u>, 932 So. 2d 1224, 1225 (Fla. 2d DCA 2006) (holding "a traditional double jeopardy challenge attacks both the conviction and, by default, the sentence, while rule 3.800(a) is limited to claims that the sentence itself is illegal, without regard to the underlying conviction")); <u>Mansfield v. State</u>, 911 So. 2d 1160, 1179-80 (Fla. 2005) ("It is well established that an indictment which charges premeditated murder permits the State to prosecute under both the premeditated and felony murder theories") (quoting <u>Parker v. State</u>, 904 So. 2d 370, 382-83 (Fla. 2005)).