# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-314
Lower Tribunal No. F04-23829
_____

## Larry Williams,
Appellant,

vs.

## The State of Florida,
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Larry Williams, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, SCALES and HENDON, JJ.

PER CURIAM.

Affirmed. See Williams v. State, 284 So. 3d 502 (Fla. 3d DCA 2019); State v. McBride, 848 So. 2d 287, 290–91 (Fla. 2003) (holding that, although res judicata does not prevent a defendant from filing successive 3.800 motions raising new issues, collateral estoppel prevents a defendant from relitigating issues previously presented and decided). See also Ramirez v. State, 47 Fla. L. Weekly D1823 at *1 (Fla. 3d DCA August 31, 2022) ("A motion to correct illegal sentence under rule 3.800(a) is not cognizable where, as here, the defendant seeks to challenge the validity of the conviction and, only by extension, the 'legality' of the resulting sentence") (citing Planas v. State, 271 So. 3d 76 (Fla. 3d DCA 2019); Lopez v. State, 2 So. 3d 1057, 1059 (Fla. 3d DCA 2009); Morgan v. State, 888 So. 2d 128, 129 (Fla. 3d DCA 2004) (acknowledging "a motion to correct illegal sentence is an appropriate procedure for challenging a sentence, but not a conviction")).