# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1906
Lower Tribunal No. F00-38717
_____

**Diego Jimenez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Law Offices of Michelle Walsh, P.A., and Michelle R. Walsh, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

Diego Jimenez has previously filed at least seventeen appeals or original proceedings stemming from his conviction and sentence in circuit court case number F00-38717. Here, Jimenez appeals the trial court's order denying his "Motion to Correct an Unlawful Sentence" pursuant to Florida Rule of Criminal Procedure 3.800(a).

However, while styled a motion to correct an illegal sentence, the motion is in fact a challenge to both the conviction **and** the sentence. A motion under rule 3.800(a) is not available where, as here, the defendant seeks to challenge the validity of the conviction (and, only by extension, the "legality" of the sentence). See Ramirez v. State, 47 Fla. L. Weekly D1823, 2022 WL 3903532 (Fla. 3d DCA Aug. 31, 2022); Planas v. State, 271 So. 3d 76 (Fla. 3d DCA 2019); Lopez v. State, 2 So. 3d 1057, 1059 (Fla. 3d DCA 2009); Morgan v. State, 888 So. 2d 128, 129 (Fla. 3d DCA 2004) (acknowledging "a motion to correct illegal sentence is an appropriate procedure for challenging a sentence, but not a conviction"); Coughlin v. State, 932 So. 2d 1224, 1226 (Fla. 2d DCA 2006) (holding that "a traditional double jeopardy challenge attacks both the conviction and, by default, the sentence, while rule 3.800(a) is limited to claims that a sentence itself is illegal, without regard to the underlying conviction").

Jimenez could have and should have raised the instant claim on direct appeal from his conviction and sentence or, if appropriate, by a timely motion filed pursuant to Florida Rule of Criminal Procedure 3.850.   His attempt to present such a challenge under rule 3.800(a) (which, unlike rule 3.850, has no time limitation) is unauthorized.

Affirmed.