# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2189
Lower Tribunal No. F90-21078A
_____

**Roosevelt Smith,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura A. Stuzin, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and MILLER, JJ.

EMAS, J.

Roosevelt Smith, the defendant below, appeals the trial court's order denying his "Motion to Correct Illegal Sentence" pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm because Smith's motion is, in reality, an attack on the underlying conviction and, only by extension, the legality of the sentence. This is not a cognizable claim under rule 3.800(a).[1]

In 1990, Smith was charged with the offense of burglary with an assault or battery, a first-degree felony punishable by life. See § 810.02(2)(a), Fla. Stat. (1990). Following trial, the jury rendered a verdict finding Smith guilty of burglary with an assault or battery, as charged in the information. Judgment was entered on that offense and Smith was sentenced to life in prison.

In 2022, Smith filed the instant motion to correct illegal sentence. In his motion, Smith concedes that he was charged with,[2] tried for, found guilty

---

[1] Florida Rule of Criminal Procedure 3.800(a) provides in pertinent part:

> A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief. . . .

[2] The charging document alleged in pertinent part (emphasis added):

> Roosevelt Smith. . . on the 22nd day of May, 1990, . . . did unlawfully enter and remain in STRUCTURE, to wit: A DWELLING, the property of SALLY LEVIN, without the consent of SALLY LEVIN,. . . the same being occupied by SALLY LEVIN,

of,[3] and convicted, adjudicated and sentenced for the offense of burglary with an assault or battery, a first-degree felony punishable by life in prison.

Nevertheless, Smith claims that because the jury was erroneously instructed only on the offense of burglary of an occupied structure (rather than the offense of burglary with an assault or battery), he could not have been **legally convicted** of burglary with an assault or battery. Rather, Smith asserts, he could only have been **legally convicted** of burglary of an occupied structure, a second-degree felony punishable by a maximum of fifteen years' imprisonment. See § 810.02(3)(d), Fla. Stat. (1990). As a result (Smith's argument goes), his life sentence is "illegal" and subject to correction pursuant to rule 3.800(a). This is contrary to the narrow circumstances by which sentences can be challenged under rule 3.800(a). As the Florida Supreme Court has explained:

> [T]his procedural rule allows for petition to the courts to correct sentencing errors that may be identified on the face of the record and, because such errors may be resolved as a matter of law, do

the defendant having an intent to commit an offense therein, to wit: ROBBERY, **and in the course of committing such burglary, the defendant made an assault or battery upon SALLY LEVIN and/or MALEEN DANOFF by forcibly seizing a PURSE from SALLY LEVIN and/or MALEEN DANOFF**, in violation of 810.02 Florida Statutes.

[3] In the verdict form, the jury found defendant guilty of "Burglary of a Structure to Wit: A Dwelling, as Charged"; the jury also checked a separate box to indicate that the offense was committed "With Assault, Battery."

3

not require contested evidentiary hearings. We have generally defined an "illegal sentence" as one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances.

Williams v. State, 957 So. 2d 600, 602 (Fla. 2007).

To the extent Smith contends the trial court committed error in failing to instruct the jury on the essential element of assault or battery committed during the course of the burglary (thus rendering "invalid" his conviction on that charge), he could have and should have raised that claim on direct appeal from his judgment and sentence or, if appropriate, by a timely motion pursuant to Florida Rule of Criminal Procedure 3.850. However, a postconviction challenge to the validity of the underlying conviction cannot form the basis for a claim that the "invalid" conviction rendered the resulting sentence "illegal" under rule 3.800(a). Ramirez v. State, 374 So. 3d 71, 72 (Fla. 3d DCA 2022) ("A motion to correct illegal sentence under rule 3.800(a) is not cognizable where, as here, the defendant seeks to challenge the validity of the conviction and, only by extension, the 'legality' of the resulting sentence.") See also Jimenez v. State, 389 So. 3d 610 (Fla. 3d DCA 2023); Planas v. State, 271 So. 3d 76 (Fla. 3d DCA 2019); Lopez v. State, 2 So. 3d 1057, 1059 (Fla. 3d DCA 2009); Morgan v. State, 888 So. 2d 128, 129 (Fla.

4

3d DCA 2004) (acknowledging "a motion to correct illegal sentence is an appropriate procedure for challenging a sentence, but not a conviction").

Affirmed.