PER CURIAM.
Francisco Razuri appeals his conviction and sentence for attempted second degree murder. He asserts error in the trial court’s failure to conduct a competency hearing. We affirm.
The record demonstrates that Razuri’s issue is meritless. The court appointed several mental health experts to evaluate Razuri’s competence at the time of committing the offense and for purposes of standing trial. Thereafter Razuri’s sanity at the time of the offense was evaluated. None of the evaluations concluded that Razuri had any competence or sanity issues.
“Trial courts are to order competency hearings whenever it appears necessary based on the defendant’s history or behavior in court.” Boyd v. State, 910 So.2d 167, 187 (Fla.2005); Fla. R.Crim. P. 3.210(b) (providing court shall order competency hearing if there are reasonable grounds to believe defendant is not mentally competent to proceed). There is no basis to conclude, on the record before us, that the court abused its discretion in not holding such a hearing.[1]
Affirmed.

. However, Florida Rule of Criminal Procedure 3.212(b) requires an order finding the *262 defendant competent. To comply with this requirement, on remand, the trial court shall enter an order nunc pro tunc with this finding. See Corbitt v. State, 744 So.2d 1130 (Fla. 2d DCA 1999).