# Third District Court of Appeal

**State of Florida**

Opinion filed March 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0400
Lower Tribunal No. 16-468
_____

**D.Y., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Joanne Diez, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and LINDSEY, JJ.

PER CURIAM.

D.Y., a juvenile, appeals an order placing D.Y. on probation under the supervision of the Department of Juvenile Justice ("DJJ") and withholding adjudication of delinquency. D.Y. had been adjudicated incompetent in a prior case that was ultimately dismissed. Thus, the trial court concluded that D.Y. remained legally incompetent and appointed two doctors to evaluate D.Y. One doctor concluded D.Y. was incompetent, while the second doctor found that D.Y. was competent. The trial court then appointed a third doctor who subsequently found D.Y. to be incompetent, but also opined that D.Y. could be malingering and feigning ignorance with regards to his legal competence. The trial court made an oral finding that D.Y. was competent to proceed to the adjudicatory hearing but failed to enter a written order memorializing its findings as to D.Y.'s competency. The case proceeded to an adjudicatory hearing where the trial court found D.Y. delinquent as charged, withheld adjudication, and placed D.Y. on probation.

Florida Rule of Criminal Procedure 3.212(b) provides, "If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed." Fla. R. Crim. P. 3.212(b). Thus, a trial court errs when it fails to enter a written order regarding a defendant's competency. See Gordon v. State, 219 So. 3d 189, 197 (Fla. 3d DCA 2017) ("Here, the trial court made an oral finding that defendant was competent to proceed, but failed to render a written order to that effect. This cause must be remanded to the trial court to enter a written order

consistent with its oral pronouncement."), review denied, SC17-978, 2017 WL 4546004, at *1 (Fla. Oct. 12, 2017).

Where the trial court has entered an oral finding that the defendant is competent, but no written order of competency has been entered, the proper remedy is to remand the case to the trial court for entry of a *nunc pro tunc* order finding the defendant competent to stand trial. Razuri v. State, 126 So. 3d 261, 261 n.1 (Fla. 3d DCA 2010) (citing Corbitt v. State, 744 So.2d 1130 (Fla. 2d DCA 1999)).[1]

Here, the trial court failed to enter a written order reflecting the trial court's determination that D.Y. was competent to proceed to trial. Accordingly, we remand with instructions for the trial court to enter a written order, *nunc pro tunc*, reflecting its oral pronouncement regarding D.Y.'s competency.

---

[1] Moreover, on appeal, both parties request this Court remand the instant case for the trial court to enter a written order of competency. D.Y. has not raised any other objection on appeal to the finding of delinquency or to the disposition withholding adjudication and placing D.Y. on probation.